## SANCHEZ v. DERTEANO et al.

### No. 10912.

Court of Civil Appeals of Texas.
San Antonio.

March 5, 1941.

Kazen & Kazen, of Laredo, for appellant.

Mann & Mann and Tom C. Mann, all of Laredo, for appellees.

SMITH, Chief Justice.

Maria Bertani Derteano and Herlinda Bertani brought this action in trespass to try title against Lola Sanchez to recover the east one-half of Block 770, comprising lots 1 through 6, in the Western Division of the City of Laredo. A jury trial resulted in verdict and judgment for the named plaintiffs, and Lola Sanchez has appealed.

Appellees claim under trustee's deed, after foreclosure of a deed of trust lien to secure the debt of Wilmer Threadgill. Appellant claims under the ten-year statute of limitation. Vernon's Ann.Civ.St. art. 5510.

On April 7, '1928, appellant purchased lot No. 3, in Block 770, from the said Wilmer Threadgill, paying $700 in cash therefor and receiving Threadgill's general warranty deed thereto. Appellant took possession of lot 3 under that deed and claims in this suit that she also at the same time took and thereafter maintained adverse possession of the remaining lots, 1, 2, 4, 5 and 6, comprising, with lot 3, the entire east one-half of block 770.

But, at that time, the east one-half of block 770 (embracing said lot 3) was encumbered by duly recorded deed of trust lien to secure, in part, Threadgill's note to A. Bertani, appellees' ancestor and predecessor in title, for $5,000. This lien covered numerous other properties in addition to block 770. The note was executed on April 29, 1927, to mature April 29, 1929. From time to time thereafter the loan was duly extended, and the note and deed of trust renewed, until finally the lien was foreclosed and block 770 (including lot

3) was sold by trustee under power conferred in the deed of trust, and was bought in by Bertani, appellees' predecessor. No question is made of the validity of said debt or lien, or the extensions and renewals thereof, or of the regularity of the ensuing sale and conveyance to Bertani by the trustee, or of appellees' succession to Bertani's title, by inheritance.

So, it was upon this title that appellees brought this suit to recover the east one-half of block 770 (including lot 3) from appellant, who was in possession of lot 3 as grantee of mortgagor Threadgill, and in alleged adverse possession of the entire east one-half of the block.

Wilmer Threadgill is the obvious common source. Appellees claim all the six lots involved under the trustee's deed made to them by virtue of the deed of trust executed by Threadgill in April, 1927, and renewals thereof. Appellant claims lot 3 by virtue of possession into which she entered under the later conveyance from Threadgill, and she claims lots 1, 2, 4, 5 and 6, comprising the remainder of the east one-half of block 770, by virtue of adverse possession begun at the time of her entry on lot 3, under Threadgill's deed. In her supplemental brief appellant declares she does not claim under that deed, but asserts title solely by limitation through adverse possession. But, as will be hereafter seen, she cannot by disclaimer of record title escape the legal effect of the conceded fact that her entry upon lot 3 was subject to the existing recorded lien and the rights of the mortgagee thereunder, of all of which she had at least constructive notice.

■ The case was submitted to a jury upon a single special issue inquiring in the usual form if appellant had held possession of lots 1, 2, 4, 5 and 6 (omitting reference to lot 3) for ten years prior to this suit. The jury answered the question in the negative, and as that finding is not assailed by briefed assignment of error here, the issue is conclusively foreclosed against appellant, and settles the appeal as far as it concerns lots 1, 2, 4, 5 and 6.

The question of adverse possession of lot 3 was not submitted to the jury, presumably on the theory that since appellant entered into and held possession of that lot subject to the known prior, existing and continuing lien thereon, her possession could not be deemed adverse to the lienholder for the purpose of establishing title by limitation; whereas, appellant's claim upon the remaining five lots was not burdened with that handicap.

■ When appellant purchased lot 3 from Threadgill, with notice (even if only constructive) of the mortgagee's existing lien thereon, she took no more than the legal title, with the mortgagor's right of possession. When she assumed possession under that right so acquired, she acknowledged the mortgagee's superior title, with the right of foreclosure of the existing lien. Her possession was not adverse to the mortgagee, any more than her grantor's was, but was in acknowledged subservience to the mortgagee's superior title. This being so, limitation under the ten-year statute could not begin to run in favor of appellant against the mortgagee so long as the latter's acknowledged superior title was not lost by extinguishment of the mortgage lien. These rules are elemental.

■ Appellant contends, in this connection, that limitation began to run when the mortgagee's right to foreclose the lien first matured; that is, at the maturity of the original obligation secured by the lien; that the mortgagee's cause of action to foreclose the mortgage accrued at that date, and appellant's possession, for the purpose of limitation, became adverse to the mortgagee upon the accrual of that cause of action; that the extension of the debt and renewal of the lien, being made by strangers to her, could not be given effect to impair the character of her adverse possession. We overrule these contentions. For obvious reasons, the mortgagor and mortgagee were not strangers to appellant, and when appellant purchased with knowledge of the existing lien she purchased with and in acknowledgment of the right of her grantor, the mortgagor, to timely renew the debt and procure extensions of the lien. Wilkinson v. First Nat. Bank, 118 Tex. 202, 13 S.W.2d 346; Stone v. Watt, Tex.Civ.App., 81 S.W.2d 552, writ refused; Texas Co. v. Tucker, Tex. Civ.App., 129 S.W.2d 762, writ refused. It is obvious, as a consequence, that so long as the mortgage lien was timely extended the mortgagee's superior title and right to foreclose continued, and appellant's possession remained subservient to the mortgagee's right.

We hold that under the case made appellant did not show title by limitation to lot 3, and the trial judge was not required to submit that issue to the jury. As to the

remaining five lots the jury finding against appellant on the issue of limitation is not questioned by appropriate assignment of error, and nothing can be done about it here. Moreover, the evidence, which we have examined, justified the finding. We overrule appellant's first and third propositions.

In her second proposition appellant complains of the refusal of the trial judge to submit the issue of improvements made in good faith by appellant on the premises involved. We overrule the proposition. There was no evidence upon which the jury could have found any damages for appellant in this matter.

In her fourth and last proposition appellant complains of the argument of adverse counsel. This proposition is not supported by any statement from the record of the offending argument, or bill of exception purporting to show the transaction. The proposition presents nothing for review and is overruled.

The judgment is affirmed.